## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| RANDALL P. ROTSCHAFER and ROBBIE L. ROTSCHAFER | )<br>)<br>) |
| Plaintiffs, | ) Case No. _____<br>) |
| vs. | ) COMPLAINT<br>) |
| GRANDVIEW ENTERPRISES, INC.<br>Serve Registered Agent:<br>Victoria Grant<br>7708 NE 99th Street<br>Vancouver, WA 98662<br><br>and<br><br>BRUCE W. BEST<br>Serve:<br>120 South Vannoy Creek Road<br>Grants Pass, OR 97526<br><br>Defendants. | ) DEMAND FOR JURY TRIAL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs Randall P. Rotschafer and Robbie L. Rotschafer, by and through counsel, hereby submit Plaintiffs' Complaint against Defendant Grandview Enterprises, Inc. and Defendant Bruce W. Best, and in support of their causes of action, state and allege the following:

## THE PARTIES

1. Plaintiff Randall P. Rotschafer is an individual, resident, and citizen of the State of Nebraska, residing in Omaha, Nebraska.

2. Plaintiff Robbie L. Rotschafer is an individual, resident, and citizen of the State of Nebraska, residing in Omaha, Nebraska. At all times relevant herein, Plaintiff Robbie Rotschafer was the lawful spouse of Plaintiff Randall Rotschafer.

1

3. Defendant Grandview Enterprises, Inc. (hereinafter, Defendant "Grandview Enterprises") is a for-profit corporation incorporated in the State of Washington with its principal place of business in the State of Washington located at 7708 NE 99th Street, Vancouver, Washington 98662. Defendant Grandview Enterprises is a citizen of the State of Washington. Defendant Grandview Enterprises may be served via its registered agent Victoria Grant at 7708 NE 99th Street, Vancouver, Washington 98662. Plaintiffs' reference to Defendant Grandview Enterprises herein shall also mean the employees and agents of Defendant Grandview Enterprises, acting within the course and scope of their employment or agency. Defendant Grandview Enterprises, through the application of the doctrine of *respondeat superior*, is responsible for the negligent acts of its employees, representatives, and agents.

4. Defendant Bruce W. Best (hereinafter, Defendant "Best") is an individual, resident, and citizen of the State of Oregon, residing at 120 South Vannoy Creek Road, Grants Pass, Oregon 97526. At all times relevant herein, Defendant Best was an employee and/or agent of Defendant Grandview Enterprises acting within the course and scope of his employment and/or agency with Defendant Grandview Enterprises.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value $75,000, exclusive of interest and costs, and is between citizens of different states.

6. This Court has personal jurisdiction over Defendant Grandview Enterprises pursuant to and consistent with Missouri's long arm statute, RSMo. § 506.500, and the constitutions of the United States and the State of Missouri because Plaintiffs' cause of action arose from Defendant Grandview Enterprises committing a tortious act within the State of

Missouri through its agent Defendant Best. Defendant Grandview Enterprises also maintains systematic and continuous minimum contacts with the State of Missouri sufficient for the exercise of personal jurisdiction by engaging in interstate commercial transportation in and through the State of Missouri.

7. This Court has personal jurisdiction over Defendant Best pursuant to and consistent with Missouri's long arm statute, RSMo. § 506.500, and the constitutions of the United States and the State of Missouri because Plaintiffs' cause of action arose from Defendant Best committing a tortious act within the State of Missouri and Defendant had sufficient minimum contacts with the State of Missouri, to-wit: Defendant Best drove a commercial motor vehicle in the State of Missouri, negligently caused a motor vehicle crash in State of Missouri, and thereby injured Plaintiffs in the State of Missouri. Defendant Best also maintains systematic and continuous minimum contacts with the State of Missouri sufficient for the exercise of personal jurisdiction by engaging in interstate commercial transportation in and through the State of Missouri.

8. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this Court because Plaintiffs' cause of action arose from a motor vehicle crash that occurred at the merging ramp from northbound U.S. Route 65 (hereinafter, "US-65") to westbound Interstate 70 (hereinafter, "I-70") in Saline County, Missouri.

## FACTS COMMON TO ALL COUNTS

9. Plaintiffs hereby incorporate by reference all of the preceding allegations of their Complaint as if fully set forth herein.

10. At all times relevant herein, Defendant Grandview Enterprises owned the 2014 Freightliner semi-truck (hereinafter, the "Truck") that was driven by Defendant Best on May 4, 2014, which crashed into the vehicle driven by Plaintiff Randall Rotschafer.

11. At all times relevant herein, Defendant Grandview Enterprises was acting individually and through its drivers, agents, servants, and/or employees, each of whom were acting within the course and scope of their employment with Defendant Grandview Enterprises.

12. At all times relevant herein, Defendant Best was operating the Truck in the course and scope of his employment with Defendant Grandview Enterprises.

13. Defendant Grandview Enterprises is liable for all acts and omissions of Defendant Best while he was operating the Truck within the course and scope of employment, under the doctrine of *respondeat superior*.

14. At all times relevant herein, Defendant Best was operating the Truck as a driver for Defendant Grandview Enterprises.

15. At all times relevant herein, Defendant Best was hired by Defendant Grandview Enterprises to drive a commercial motor vehicle, including the Truck, and was directed by Defendant Grandview Enterprises to transport various goods through the State of Missouri.

16. At all times relevant herein, Defendant Grandview Enterprises, individually, and/or through its agents, servants, and/or employees, owned, leased, controlled, and/or operated the Truck that was involved in this crash.

17. On or about May 4, 2014, Plaintiff Randall Rotschafer was driving on the merging ramp from northbound US-65 toward westbound I-70.

18. On or around this same time, Defendant Best was driving the Truck on westbound I-70 when Defendant Best suddenly and violently crashed the Truck into the vehicle driven by

Plaintiff Randall Rotschafer—thereby causing severe and permanent injuries to Plaintiff Randall Rotschafer.

19. The negligence of Defendant Grandview Enterprises, and the negligence of its drivers, agents, servants, and employees, including Defendant Best, as described herein, directly and proximately, caused or contributed to cause injury to Plaintiff Randall Rotschafer.

20. As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendant Grandview Enterprises, and its agents, servants, and employees, including Defendant Best, Plaintiff Randall Rotschafer suffered severe and permanent injuries.

## COUNT I
### Negligence against Defendant Bruce W. Best

21. Plaintiffs hereby incorporate by reference all of the preceding allegations of their Complaint as if fully set forth herein.

22. At the time of this crash, Defendant Best negligently operated the Truck that caused this crash by:

   a. Failing to keep a proper lookout for warnings, other vehicles and obstructions;

   b. Failing to take proper remedial action which could have avoided this collision or minimized the impact;

   c. Inappropriately switching lanes into a lane accepted by another vehicle;

   d. Driving at an, unsafe, excessive and dangerous rate of speed;

   e. Operating the truck without adequate training and experience;

   f. Failing to exercise the highest degree of care when operating a motor vehicle;

   g. Driving while tired and/or fatigued;

   h. Failing to avoid the collision;

   i. Failing to stay in his lane of traffic;

5

j. Driving overly aggressive;

k. Directing his vehicle across the gore into traffic, causing a violent crash;

l. Failing to operate the tractor-trailer in a safe and prudent manner;

m. Failing to stay alert and attentive; and

n. Failing to maintain the tractor-trailer under proper control.

20. At the time of this crash, Defendant Best drove the Truck on a public street, road, thoroughfare, and highway in such a manner that he allowed the tractor to enter in the lane of Plaintiff Randall Rotschafer.

21. At the time of this crash, Defendant Best failed to be diligent at all times and failed to drive at such a rate of speed and with such control that he avoids this crash.

22. At least one of the negligent acts or omissions by Defendant Best, as described in the above paragraphs and the below paragraphs, was a direct and proximate cause of the crash in question and the resulting injuries to Plaintiff Randall Rotschafer.

23. As a direct and proximate result of the negligence of Defendant Best, Plaintiff Randall Rotschafer was seriously injured as described herein and sustained damages, pain and suffering.

24. Defendant Best knew, should have known from the exercise of ordinary care, that his conduct as described herein created a high degree of probability of serious injury.

25. Defendant Best was not properly qualified to operate the Truck and did not have the required training and experience and was operating in violation of the law and this behavior and conduct was reckless and shows a complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiff Randall Rotschafer to punitive damages.

6

26. The operation of the truck by Defendant Best and the manner in which it was operated on the public roadways, was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiff Randall Rotschafer to punitive damages.

27. The conduct of Defendant Best as described herein, specifically including violations of Missouri state law and safety regulations, as well as other acts and omissions of as described herein, was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiff Randall Rotschafer to punitive damages.

28. Because of Defendant Best's willful, wanton, and reckless behavior, and for his indifference and conscious disregard for the safety of the motoring public, punitive damages are appropriate in this action in order to punish Defendant Best and to deter others from similar conduct.

29. Defendant Best's reckless and intentional behavior, and his complete indifference and conscious disregard for the safety of the motoring public, directly and proximately caused the crash and the resulting injuries to Plaintiff Randall Rotschafer described herein.

30. As a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff Randall Rotschafer suffered property loss and injuries, which required, and in the future will continue to require, medical treatment and rehabilitation; has incurred and will continue to incur doctor, hospital and medical expenses; has suffered and will continue to suffer wage loss in the future; and has experienced and will continue to experience pain, suffering, anxiety, disability, loss of enjoyment of life, and permanent injury for the remainder of his life.

**WHEREFORE**, Plaintiffs pray for judgment against the Defendants, jointly and severally, and each of them, in an amount that is fair and reasonable, including damages attributable to the aggravating circumstances which attended the injuries of Plaintiff Randall Rotschafer, an additional amount as punitive damages in such sum as will serve to punish Defendants and to deter Defendants and others from like conduct, for their costs herein incurred and expended and for such other and further relief as the Court deems just and proper.

## **COUNT II**
### **Negligence against Grandview Enterprises, Inc.**

31. Plaintiffs hereby incorporate by reference all of the preceding allegations of their Complaint as if fully set forth herein.

32. At all times relevant, Defendant Grandview Enterprises was operating as a motor carrier pursuant to authority granted to it by the U.S. Department of Transportation.

33. Defendant Grandview Enterprises was negligent:

   a. In negligently hiring Defendant Best as a driver;

   b. In negligently entrusting its tractor-trailer to Defendant Best who had inadequate experience, training and knowledge to safely operate the tractor-trailer;

   c. In failing to adequately train and instruct Defendant Best concerning the safe operation of its tractor-trailer;

   d. In negligently retaining Defendant Best as an employee;

   e. In allowing Defendant Best to operate the tractor-trailer when they knew or should have known that it had not been maintained properly such that it could not be safely operated;

   f. In failing to adequately monitor Defendant Best's activities;

   g. In continuing to allow Defendant Best to operate a tractor-trailer;

   h. In allowing Defendant Best to breach its policy and procedures;

   i. In that it knew or should have known Defendant Best was violating regulations;

j. In failing to adhere to regulations;

k. In failing to have adequately trained safety personnel;

l. In failing to have an adequate safety program; and

m. In failing to maintain its vehicle so that they could be operated safely.

34. As a direct and proximate result of the independent negligence of Defendant Grandview Enterprises, Plaintiff Randall Rotschafer suffered severe and permanent injuries.

35. Defendant Grandview Enterprises knew or had information from which it, in the exercise of ordinary care, could have known that such conduct as described herein created a high degree of probability of injury to the motoring public such as Plaintiff Randall Rotschafer.

36. The conduct of Defendant Grandview Enterprises as described herein, specifically including violations of state laws and safety regulations was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiff Randall Rotschafer to punitive damages.

37. Because of Defendant Grandview Enterprises' willful, wanton, and reckless behavior, and for their indifference and conscious disregard for the safety of the motoring public, punitive damages are appropriate in this action in order to punish Defendant Grandview Enterprises and to deter others from similar conduct.

38. Defendant Grandview Enterprises' reckless and intentional behavior, and its complete indifference and conscious disregard for the safety of the motoring public, directly and proximately caused the crash and the resulting injuries to Plaintiff Randall Rotschafer described herein.

39. As a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff Randall Rotschafer suffered property loss and injuries, which required, and in the future

9

will continue to require, medical treatment and rehabilitation; has incurred and will continue to incur doctor, hospital and medical expenses; has suffered and will continue to suffer wage loss in the future; and has experienced and will continue to experience pain, suffering, anxiety, disability, loss of enjoyment of life, and permanent injury for the remainder of his life.

**WHEREFORE**, Plaintiffs pray for judgment against the Defendants, jointly and severally, and each of them, in an amount that is fair and reasonable, including damages attributable to the aggravating circumstances which attended the injuries of Plaintiff Randall Rotschafer, an additional amount as punitive damages in such sum as will serve to punish Defendants and to deter Defendants and others from like conduct, for their costs herein incurred and expended and for such other and further relief as the Court deems just and proper.

## COUNT III
### Negligence Per Se against All Defendants

40. Plaintiffs hereby incorporate by reference all of the preceding allegations of their Complaint as if fully set forth herein.

41. At all times relevant herein, the State of Missouri had in effect statute RSMo. § 304.015 which states: "A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."

42. The portion of highway where the incident complained of herein occurred is the type and style of roadway to which RSMo. § 304.015 applies.

43. Defendant Best was in intentional violation of this statute when he failed to first ascertain whether movement from his lane of travel could be made with safety and did in fact change lanes, causing this crash.

44. The crash and subsequent injuries suffered by Plaintiff Randall Rotschafer are of the same type and nature that RSMo. § 304.015 was made to prevent.

45. Through their action and inactions as described herein, Defendants consciously disregarded or were completely indifferent to the safety, care and well-being of people, including the decedent. The egregious and outrageous conduct of the Defendants constitutes aggravating circumstances which entitle Plaintiff Randall Rotschafer to recover both actual, enhanced and punitive damages. Defendants' conduct herein described showed complete indifference to or conscious disregard for the safety, care and well-being of others and Plaintiff Randall Rotschafer is entitled to an additional amount as punitive damages in such sum as will serve to punish Defendants and to deter Defendants and others from like conduct.

46. As a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff Randall Rotschafer suffered property loss and injuries, which required, and in the future will continue to require, medical treatment and rehabilitation; has incurred and will continue to incur doctor, hospital and medical expenses; has suffered and will continue to suffer wage loss in the future; and has experienced and will continue to experience pain, suffering, anxiety, disability, loss of enjoyment of life, and permanent injury for the remainder of his life.

**WHEREFORE**, Plaintiffs pray for judgment against the Defendants, jointly and severally, and each of them, in an amount that is fair and reasonable, including damages attributable to the aggravating circumstances which attended the injuries of Plaintiff Randall Rotschafer, an additional amount as punitive damages in such sum as will serve to punish Defendants and to deter Defendants and others from like conduct, for their costs herein incurred and expended and for such other and further relief as the Court deems just and proper.

11

Case 4:19-cv-00011-DGK   Document 1   Filed 01/03/19   Page 11 of 14

## COUNT IV
## Loss of Consortium against All Defendants

47. Plaintiffs hereby incorporate by reference all the preceding allegations of their Complaint as if fully set forth herein.

48. At the time of the negligent acts and omissions on the part of Defendants, and at all times relevant herein, Plaintiff Robbie Rotschafer was lawfully wedded to Plaintiff Randall Rotschafer, and she was entitled to receive his services, society, comfort, consortium, companionship and wages.

49. As a direct and proximate result of the negligence and carelessness on the part of Defendants in causing the injuries and damages to Plaintiff Randall Rotschafer, Plaintiff Robbie Rotschafer has been deprived of Plaintiff Randall Rotschafer's services, society, associations, consortium, companionship and wages, and her benefit thereof has and will in the future be lessened, impaired and diminished due to the nature of Plaintiff Randall Rotschafer's condition.

**WHEREFORE**, Plaintiffs pray for judgment against the Defendants, jointly and severally, and each of them, in an amount that is fair and reasonable, including damages attributable to the aggravating circumstances which attended the injuries of Plaintiff Randall Rotschafer, an additional amount as punitive damages in such sum as will serve to punish Defendants and to deter Defendants and others from like conduct, for their costs herein incurred and expended and for such other and further relief as the Court deems just and proper.

## COUNT V
## Punitive Damages against All Defendants

50. Plaintiffs hereby incorporate by reference all of the preceding allegations of their Complaint as if fully set forth herein.

51. Defendants, by and through its servants, employees and/or agents, actual or ostensible, including committed one or more of the willful, wanton and malicious acts more fully set forth above which individually and/or cumulatively justify the submission of punitive damages in this case.

52. Defendants, by and through its servants, employees and/or agents, actual or ostensible, knew or had information from which Defendants, in the exercise of ordinary care, should have known that such conduct more fully set forth above created a high degree of probability of injury to Plaintiff Randall Rotschafer.

53. The willful, wanton and malicious acts of Defendants, by and through its servants, employees and/or agents, actual or ostensible, more fully set forth above, evidence Defendants' complete indifference to and/or conscious disregard for the safety of Plaintiff Randall Rotschafer and other persons similarly situated, justifying the submission of punitive damages in this case.

**WHEREFORE**, Plaintiffs pray for judgment against the Defendants, jointly and severally, and each of them, in an amount that is fair and reasonable, including damages attributable to the aggravating circumstances which attended the injuries of Plaintiff Randall Rotschafer, an additional amount as punitive damages in such sum as will serve to punish Defendants and to deter Defendants and others from like conduct, for their costs herein incurred and expended and for such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury as to all Counts of Plaintiffs' Complaint.

Respectfully submitted,

**PREUSS | FOSTER**

/s/ *Thomas J. Preuss*
Thomas J. Preuss    MO #54923
Shawn Foster        MO #47663
Luke M. Hangge   MO #69116
10601 Mission Rd., Suite 250
Leawood, KS 66206
Ph. 816-307-2788
Fax:816-336-9705
tjpreuss@pflaw.com
sfoster@pflaw.com
lhangge@pflaw.com

ATTORNEYS FOR PLAINTIFFS